UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SHANDA MATHIS on behalf of**
**MICHELLE MATHIS,**

    **Plaintiff,**

    v.

**Civil Action 2:12-cv-84**
**Judge Algenon L. Marbley**
**Magistrate Judge E.A. Preston Deavers**

**STATE OF OHIO PROBATE COURT, et al.,**

    **Defendants.**

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Shanda Mathis ("Ms. Mathis"), a non-attorney, filed this Complaint "on behalf of Michelle Mathis." (Compl. 1, ECF No. 1-1.) Ms. Mathis has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Ms. Mathis' Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of the Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** the Complaint **WITHOUT PREJUDICE** on the grounds that Ms. Mathis is not an attorney at law. The undersigned further **RECOMMENDS** that the Court **DIRECT** the Clerk of Court not

accept for filing any future complaint unless it has been first presented to a Magistrate Judge to determine whether Ms. Mathis is impermissibly filing the action on behalf of another.

As set forth above, Ms. Mathis filed this Complaint on behalf of Michelle Mathis ("Plaintiff"). The Complaint asserts claims only on behalf of Plaintiff. According to the Complaint, Defendants are wrongfully detaining Plaintiff in the psychiatric ward at Riverside Hospital.

A non-attorney may not pursue a legal action on behalf of another in federal court. *See* 28 U.S.C. § 1654. Section 1654 of the United States Code provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." (*Id.*) The United States Court of Appeals for the Sixth Circuit has made clear that this provision "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepher v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Consistently, Federal Rule of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in that attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Thus, dismissal without prejudice is appropriate where a plaintiff is not conducting his or her own case personally or through counsel. *See*, *e.g.*, *Cochran v. Nelson*, No. 93-3521, 1994 WL 28648, at *3 (6th Cir. 1994) (affirming district court's dismissal of the action without prejudice where the plaintiff's father, a non-attorney, attempted to represent his son).

Applying the foregoing here, the undersigned must recommend that the Court dismiss this action without prejudice. As a non-attorney, Ms. Mathis is not authorized by statute, rule, or case law to represent Plaintiff. Indeed, both this Court and the Sixth Circuit have recently made

Ms. Mathis aware of her inability to represent parties in federal court. On February 17, 2011, this Court dismissed an action without prejudice in which Ms. Mathis attempted to represent her husband, holding that her husband's grant of power of attorney did not permit her to serve as his attorney at law. *Mathis v. Ohio Rehab. & Corr.,* No. 2:10-cv-574, Feb. 17, 2011 Order, ECF No. 13. The Sixth Circuit affirmed the Court's dismissal, stating that "Mathis is not a party to this action, and she is not an attorney. Although Mathis alleges that [her husband] gave her power of attorney, a power of attorney does not permit a non-attorney to represent a party in federal court." *Mathis v. Ohio Rehab. & Corr.,* Nos. 2:10-cv-574 and 11-3298, September 28, 2011 Order, ECF No. 16. Similarly, on October 27, 2011, this Court struck filings Ms. Mathis filed on behalf of another, explaining that she is not permitted to represent another in federal court. *Mathis v. Comm'r of Soc. Sec.*, No. 2:10-cv-668, October 27, 2011 Order, ECF No. 34. In light of Ms. Mathis' history of filing actions on behalf of others, the undersigned recommends that the Court direct the Clerk of Court to not accept for filing any future complaint unless it has been first presented to a Magistrate Judge to determine whether Ms. Mathis is impermissibly filing the action on behalf of another.

**IT IS SO ORDERED.**

Date: February 6, 2012                   /s/ *Elizabeth A. Preston Deavers*
                                          Elizabeth A. Preston Deavers
                                          United States Magistrate Judge